IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| **Corey Fox** | ) | |
| | ) | |

**AFFIDAVIT**

NOW COMES THE DEBTOR, Corey Fox, and his nonbankrupt spouse, Deborah Fox, with their affidavit supplementing Corey Fox's motion to extend the automatic stay, and in support thereof, state as follows:

1) On January 25, 2016, Corey filed a chapter 7 bankruptcy petition in the Northern District of Illinois; this case was assigned case number 16-02087.

2) On March 2, 2016, that case was dismissed on a motion by the United States Trustee for failure to file required documents, to wit, a chapter 7 means test and complete schedules and a statement of financial affairs.

3) Corey Fox, individually, owns real estate located at 8903 S. Corcoran Road, Hometown, IL 60456, and Corey Fox is individually liable on the mortgage.

4) In August of 2014, we had contracted Keith Wilkinson and Friedman Law/Ocean Legal Group ("Ocean"), seeking to modify our mortgage to treat an arrearage in payments that had accrued and stop a foreclosure process that had begun against us.

    a. Attached as exhibit A to this affidavit is a true and correct, except redacted, third party authorization Corey Fox entered into with Ocean.

5) We diligently submitted all evidence and information requested by Ocean.

6) On December 30, 2015, we were advised that the foreclosing creditor had denied our efforts at loan modification, arguing that Corey's income was such that the current mortgage was, in fact, affordable. This email also advised that "if [they] refuse to suspend the January 26, 2016 sale date, the only other recourse would be to file an emergency bankruptcy which will stop the sale from occurring."

    a. Attached as exhibit B to this affidavit is a true and correct copy of the email referenced at paragraph 6.

7) On January 20, 2016, after further discussion, we were advised that "Once the loan has been transferred to Wells Fargo's Bankruptcy Department, they can continue their review of the loan for assistance options[.]"

    a. Attached as exhibit C to this affidavit is a true and correct copy of the email referenced at paragraph 7.

8) Shortly thereafter, Pierre Frappier, holding himself out as a representative of Ocean, contacted us with guidance for how to file a bankruptcy petition. He instructed us to make a $350.00 money order payment to his bank account, at JPMorgan Chase Bank. (The matter of the $350.00 payment will be further evidenced below, in exhibit I.)

    a. Attached as exhibit D to this affidavit is a true and correct copy of an email we received on January 22, 2016, sent from "Print Services 151" at what appears to be an Office Depot email address.

    b. Exhibit D, however, had an attachment. Attached as Exhibit E to this affidavit is a true and correct, except redacted, copy of the attachment to that email referenced at paragraph 8(a) above, which included a set of instructions for how to file a bankruptcy petition, how to file a suggestion of bankruptcy with the Chancery Court, and a prepared voluntary petition.

    c. Attached as Exhibit F to this affidavit is a true and correct copy of an email received from Pierre Frappier directing Corey to complete the required prepetition credit counseling class.

    d. We did not prepare the bankruptcy petition referenced at Exhibit E. We performed none of the typing or document preparation.

9) After the filing of the petition, Ocean continued to request documentation from us "to update the entire file with Wells Fargo."

    a. Attached as Exhibit G to this affidavit is a true and correct copy of the email referenced at paragraph 9.

10) We failed to pursue the bankruptcy case having been given advice, by Ocean, that the filing of only the skeletal petition was necessary, and that it would be preferable that we retain the opportunity to file a new bankruptcy proceeding, at a later date.

11) Continuing to rely on Ocean for legal advice, we were thereafter told on April 11, 2016, that "[n]either Wells Fargo nor U.S Bank were willing to come up with a valid or affordable alternative for you to bring the loan back to a current status."

   a. Attached as Exhibit H to this affidavit is a true and correct copy of the email referenced at paragraph 10.

12) Deborah had already been in contact with Pierre Frappier via text message, advising refiling (that is, to "get this case going again,") and that filing a new bankruptcy, as opposed to salvaging our original bankruptcy, was the preferred course of action, as "[y]ou can't stay in bankruptcy to continue modification."

13) Pierre Frappier insisted that any further efforts would require a $750.00 payment made to him personally, via money order, at an account at JPMorgan Chase Bank.

   a. Attached as Exhibit I to this affidavit is a true and correct copy of a text message discussion, only redacting Frappier's bank account number, bearing out the facts in paragraphs 11 and 12. Deborah was given the $750.00 figure over the telephone.

14) It was then that we decided to coordinate with a local bankruptcy practitioner.

15) We proceed in good faith, and we seek to retain our home. We intend to pay our mortgage company their arrearage in full, and we have income sufficient to do so. Our prior case was dismissed as we were relying on Ocean Legal Group and Pierre Frappier to provide us knowledgeable counsel; we are now represented by local counsel, and we understand the chapter 13 process, our obligation to make payment to the Trustee and the mortgage payment going forward, and we represent that this understanding constitutes a positive change in our personal and financial circumstances.

Under penalty of perjury pursuant to the laws of the United States of America, we make this declaration. FURTHER AFFIANTS SAYETH NOT:

_____          _____
Corey Fox                          Deborah Fox

Subscribed and sworn to before me this 29 day of April, 2016.

_____
Notary Public

OFFICIAL SEAL
JACQUELINE SCHAER
PUBLIC - STATE OF ILLINOIS
MISSION EXPIRES:12/08/17